IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EARL L. ROHN, | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| v. | ) |
| | ) **DEFENDANT PRECISION PIPELINE,** |
| PRECISION PIPELINE, LLC AKA | ) **LLC AKA PRECISION PIPELINE** |
| PRECISION PIPELINE CONSTRUCTION, | ) **CONSTRUCTION'S NOTICE OF** |
| | ) **REMOVAL** |
| Defendant. | ) |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Precision Pipeline, LLC aka Precision Pipeline Construction ("Precision"), through undersigned counsel, hereby removes the above-captioned case from the Stark County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division.[1]  This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446(b)(1).  Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In support of this Notice of Removal, Precision states as follows:

**I.    BACKGROUND**

1. On or about October 5, 2018, Plaintiff Earl L. Rohn ("Plaintiff") commenced this action by filing a Complaint in the Stark County Court of Common Pleas bearing Case No. 2018-CV-01947.

2. On or about October 31, 2018, Plaintiff filed his First Amended Complaint for Money Damages in this action.  Plaintiff's Complaint and First Amended Complaint are attached hereto as Exhibit A.

---

[1] By removing this action to this Court, Precision does not waive any defenses, objections, or motions available under state or federal law.

3. Precision received the Complaint on or around October 15, 2018 and the Amended Complaint on or around November 6, 2018.

4. Plaintiff alleges that Precision, without Plaintiff's permission or consent, drove trucks onto Plaintiff's property more than 2,000 times thereby damaging Plaintiff's property. (Pl. Amd. Compl. at Exh. A, ¶¶ 8-10.)

5. Plaintiff alleges that the damage to his property, which is used for farming, will require costly repairs and also resulted in loss of use and a lower crop yield. (*Id.* at ¶¶ 11.)

6. Accordingly, this Notice of Removal is being timely filed within thirty (30) days after Precision's first receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

7. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. A defendant seeking removal has a duty to present to the Court that it is "more likely than not" that the plaintiff's claims exceed the amount in controversy requirement set forth in 28 U.S.C § 1332(b). *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

9. "[W]here plaintiff [ ] seek[s] 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000[.] This 'preponderance of the evidence' test 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy amount.' [Defendant] may carry its burden by showing that a 'fair

reading' of the unspecified damages in the [plaintiff's] Complaint…satisfy the amount in controversy requirement. *Dimora v. Ne. Ohio Corr. Ctr., No*. 4:14-CV-1221, 2015 WL 1119768, at *2 (N.D. Ohio Mar. 11, 2015) (citing *Hayes v. Equitable Energy Resources Co*., 266 F.3d 560, 573 (6th Cir.2001) (internal citations omitted).

10. Plaintiff asserts three counts against Precision and seeks "in excess of $25,000" for each Count, thereby totaling over $75,000 in alleged damages. Pl. Amd. Compl. at ¶ 12, 17-18, 24; *Lebo v. Impac Funding Corp*., No. 5:11-CV-1857, 2011 WL 6750057, at *2 (N.D. Ohio Dec. 23, 2011) (In order to satisfy the amount in controversy requirement, "the damages sought by Plaintiff on [one] claim can be aggregated with the damages she seeks on her other claims."); *accord*, *Stapleton v. Skyline Terrace Apartments*, No. 5:17-CV-02207, 2018 WL 1315151, at *4 (N.D. Ohio Mar. 14, 2018).

11. Plaintiff's compensatory damages include the cost to repair the alleged damage to his property, diminution in value, loss of use of the land for crop production and a lower crop yield. (Pl. Amd. Compl. at ¶ 11, 22-23.)

12. Plaintiff also seeks an award of punitive damages in excess of $25,000. (*Id*. at ¶ 18.)

13. In *Dimora*, the court found it was "more likely than not that the amount in controversy exceeds the jurisdictional requirement" because Plaintiff sought compensatory damages "in an amount in excess of $25,000" and "[p]unitive damages in an amount in excess of $25,000." *Dimora*, 2015 WL 1119768, at *2-3.

14. As a result, it is more likely than not that Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. The amount in controversy requirement is therefore satisfied.

### III. DIVERSITY OF CITIZENSHIP EXISTS

15. At the time this action was commenced, Plaintiff was a citizen of Ohio. (Pl. Amd. Compl. at ¶ 1.)

16. Precision is a limited liability company formed under the laws of the State of Wisconsin and has its principal place of business in Wisconsin. Precision's sole member is Precision Acquisition, LLC, which is a limited liability company formed under the laws of the State of Wisconsin. Precision Acquisition, LLC's sole member is MasTec, Inc., which is a Florida corporation with its principal place of business in Florida. Precision is therefore a citizen of Florida for the purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (When a party is a limited liability company, the district court looks to the citizenship of each of its members to determine whether it has diversity jurisdiction.)

17. Because Plaintiff and Precision are citizens of different states, diversity of citizenship exists under 28 U.S.C. §§ 1332 and 1441(b).

### IV. PROCEDURAL REQUIREMENTS

18. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(1).

19. The Stark County Court of Common Pleas is located within the Northern District of Ohio, Eastern Division. Venue is therefore proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

20. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon Precision.

21. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Stark County Court of Common Pleas.

WHEREFORE, Defendant Precision Pipeline, LLC aka Precision Pipeline Construction gives notice that the civil action docketed 2018-CV-01947 in the Court of Common Pleas for Stark County, Ohio is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1).

Respectfully submitted,

/s/ *Seth H. Wamelink*
Joseph P. Koncelik (0061692)
Seth H. Wamelink (0082970)
Frederick D. Cruz (0093598)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:    216.592.5000
Facsimile:    216.592.5009
E-mail: joseph.koncelik@tuckerellis.com
           seth.wamelink@tuckerellis.com
           frederick.cruz@tuckerellis.com

*One of the attorneys for Defendant Precision Pipeline, LLC aka Precision Pipeline Construction*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018, a copy of the foregoing Defendant Precision Pipeline, LLC aka Precision Pipeline Construction's Notice of Removal was served via regular mail and electronic mail to the following:

James F. Mathews
Daniel D. Eisenbrei
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720
mathews@bakerfirm.com
deisenbrei@bakerfirm.com

*Attorneys for Plaintiff*

/s/ *Seth H. Wamelink*
*One of the attorneys for Defendant Precision Pipeline, LLC aka Precision Pipeline Construction*