IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EARL L. ROHN, | CASE NO. 5:18-cv-02621-JRA |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | **DEFENDANT PRECISION PIPELINE, LLC AKA PRECISION PIPELINE CONSTRUCTION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| PRECISION PIPELINE, LLC, | |
| Defendant. | |

Defendant Precision Pipeline, LLC aka Precision Pipeline Construction ("Precision"), by and through counsel, and for its Answer to Plaintiff's Amended Complaint ("Complaint"), with Separate Defenses and Jury Demand, states as follows:

## I.  PARTIES

1. Precision denies, for want of knowledge and lack of information, the averments and allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Precision states that it is a limited liability company formed under the laws of the State of Wisconsin and has its principal place of business in Wisconsin.  Precision is registered to transact business within the State of Ohio.  Precision denies any and all remaining averments and allegations set forth in Plaintiff's Complaint not expressly admitted herein.

## II.  CLAIMS FOR RELIEF

### ANSWER TO COUNT I

3. Precision denies, for want of knowledge and lack of information, the averments and allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Precision denies, for want of knowledge and lack of information, the averments and allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Precision only states that it entered into a contract with Rover Pipeline, LLC for the installation and construction of a pipeline in Ohio.  Precision denies any and all remaining averments and allegations set forth in Paragraph 5 of Plaintiff's Complaint not expressly admitted herein.

6. Precision denies the allegations as stated in Paragraph 6 of Plaintiff's Complaint.

7. Precision denies the averments and allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Precision denies the averments and allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Precision denies the averments and allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Precision denies the averments and allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Precision denies the averments and allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Precision denies the averments and allegations set forth in Paragraph 12 of Plaintiff's Complaint.

## ANSWER TO COUNT II

13. Precision restates and realleges its answers to Paragraphs 1 through 12 of Plaintiff's Complaint, as the same are set forth in Paragraphs 1 through 12 herein.

14. Precision denies the averments and allegations set forth in Paragraph 14 of

Plaintiff's Complaint.

15. Precision denies the averments and allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Precision denies the averments and allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Precision denies the averments and allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Precision denies the averments and allegations set forth in Paragraph 18 of Plaintiff's Complaint.

## ANSWER TO COUNT III

19. Precision restates and realleges its answers to Paragraphs 1 through 18 of Plaintiff's Complaint, as the same are set forth in Paragraphs 1 through 18 herein.

20. Precision denies the averments and allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Precision denies the averments and allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Precision denies the averments and allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Precision denies the averments and allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Precision denies the averments and allegations set forth in Paragraph 24 of Plaintiff's Complaint. Precision also controverts the demand for judgment set forth below Paragraph 24 of Plaintiff's Complaint.

### FIRST SEPARATE DEFENSE

25. Precision hereby raises its Rule 12(B)(6) defense of failure to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

26. Precision states that if Plaintiff suffered any of the injuries, losses, and damages alleged in its Complaint, then said injuries, losses, and damages were a direct and proximate result of a responsible, superseding, intervening cause.

### THIRD SEPARATE DEFENSE

27. Precision states that if Plaintiff sustained any of the injuries, losses, and damages alleged in its Complaint, then said injuries, losses, and damages were caused solely by the acts or omissions of persons other than Precision and over whose conduct Precision had no control, right to control, responsibility, or reason to anticipate.

### FOURTH SEPARATE DEFENSE

28. In accordance with R.C. 2307.23(C), Precision states as an affirmative defense that a specific percentage of any tortious conduct that proximately caused the alleged injury or loss to Plaintiffs is attributable to one or more persons from whom Plaintiffs do not, or cannot, seek recovery in this action

### FIFTH SEPARATE DEFENSE

29. Precision states that if Plaintiff suffered any of the injuries, losses and damages alleged in its Complaint then said injuries, losses and damages were a direct and proximate result of its own negligence or contributory conduct.  Plaintiff's claims are accordingly barred in whole or in part and Precision is entitled to have the conduct of the parties to this litigation apportioned as required by Ohio or federal law.

4

## SIXTH SEPARATE DEFENSE

30. Precision states that Plaintiff's purported claims against it are barred by the doctrines of waiver, unclean hands, laches and/or estoppel.

## SEVENTH SEPARATE DEFENSE

31. Precision states that Plaintiff has failed to join parties as required by Rule 19 of the Federal Rules of Civil Procedure and has failed to state its reasons for such nonjoinder. Thus, Plaintiff's Complaint must be dismissed.

## EIGHTH SEPARATE DEFENSE

32. While at all times denying Plaintiff's claims, Precision's use of the subject property, if any, was permissive throughout the duration of the relevant time period.

## NINTH SEPARATE DEFENSE

33. While at all times denying Plaintiff's claims, Precision's use of the subject property, if any, was through consent, express or implied.

## TENTH SEPARATE DEFENSE

34. While at all times denying Plaintiff's claims, Precision's use of the subject property, if any, was done as a result of necessity (public and/or private).

## ELEVENTH SEPARATE DEFENSE

35. While at all times denying Plaintiff's claims, Precision's use of the subject property, if any, was not intentional and was done in good faith.

## TWELFTH SEPARATE DEFENSE

36. While at all times denying Plaintiff's claims, Precision's use of the subject property, if any, was done pursuant to valid authority under Ohio or applicable law.

015524\000005\3989427

## THIRTEENTH SEPARATE DEFENSE

37. Plaintiff did not have actual or constructive possession of the subject property, in whole or in part.

## FOURTEENTH SEPARATE DEFENSE

38. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate some or all of its alleged damages.

## FIFTEENTH SEPARATE DEFENSE

39. Plaintiff's damages, in whole or in part, are too speculative and, therefore, not recoverable.

## SIXTEENTH SEPARATE DEFENSE

40. Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTEENTH SEPARATE DEFENSE

41. Precision raises any and all defenses and damage caps available under Ohio law, including, but not limited to, R.C. §§ 2315.18, 2315.21.

## EIGHTEENTH SEPARATE DEFENSE

42. With respect to Plaintiff's demand for punitive damages, Precision specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore* (1996), 517 U.S. 599, *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001), 532 U.S. 424, and *State Farm Automobile Insurance Co. v. Campbell* (2003), 538 U.S. 408, together with all such standards applicable under Ohio law.

**NINETEENTH SEPARATE DEFENSE**

43. Awarding punitive damages in favor of Plaintiff against Precision under the facts and circumstances of this case would constitute the imposition of an excessive fine in contravention of Amendment VIII of the United States Constitution and/or in contravention of the Constitution of the State of Ohio, and additional Constitutional provisions.

**TWENTIETH SEPARATE DEFENSE**

44. Plaintiff may not recover punitive damages against Precision because the amount of punishment is increased by Precision's wealth in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and/or the equivalent provisions of the Constitution of the State of Ohio.

**TWENTY-FIRST SEPARATE DEFENSE**

45. Plaintiff may not recover punitive damages against Precision, because punitive damages violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and/or the equivalent provisions of the Constitution of the State of Ohio because a jury can award punitive damages without complying with legally sufficient standards.

**TWENTY-SECOND SEPARATE DEFENSE**

46. Plaintiff may not recover punitive damages against Precision, because punitive damages are a punishment, a quasi-criminal sanction for which Precision has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution and/or the corresponding provisions of the Ohio Constitution.

**TWENTY-THIRD SEPARATE DEFENSE**

47. Plaintiff's punitive damages claim should be bifurcated from the liability phase of trial in accordance with R.C. 2315.21(B) or any other applicable law.

015524\000005\3989427

## TWENTY-FOURTH SEPARATE DEFENSE

48. Precision denies each and every averment and allegation contained in Plaintiff's Complaint not expressly admitted herein.

## TWENTY-FIFTH SEPARATE DEFENSE

49. Precision reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, having fully answered, Precision Pipeline, LLC aka Precision Pipeline Construction demands that Plaintiff's Complaint against it be dismissed with prejudice and that it may go hence with its costs, expenses and attorneys' fees without delay and for such other relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ Frederick D. Cruz*
Joseph P. Koncelik (0061692)
Seth H. Wamelink (0082970)
Frederick D. Cruz (0093598)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:  216.592.5000
Facsimile:  216.592.5009
E-mail: joseph.koncelik@tuckerellis.com
    seth.wamelink@tuckerellis.com
    frederick.cruz@tuckerellis.com

*Attorneys for Defendant Precision Pipeline, LLC aka Precision Pipeline Construction*

## JURY DEMAND

Pursuant to the provisions of Rule 38(B) of the Ohio Rules of Civil Procedure, Defendant Precision Pipeline, LLC demands a trial by jury on all issues.

*/s/ Frederick D. Cruz*
*One of the attorneys for Defendant Precision*
*Pipeline, LLC aka Precision Pipeline Construction*

## PROOF OF SERVICE

      A copy of the foregoing was filed electronically on November 21, 2018.  Service of this filing will be made by operation of the Court's electronic filing system upon:

James F. Matthews
Daniel D. Eisenbrei
BAKER, DUBLIKAR, BECK
  WILEY & MATTHEWS
400 South Main Street
North Canton, OH  44720
*Attorneys for Plaintiff*

                                       */s/ Frederick D. Cruz*
                                       *One of the attorneys for Defendant*
                                       *Precision Pipeline, LLC aka Precision*
                                       *Pipeline Construction*

015524\000005\3989427